**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY JACOBS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 07 C 3550** |
| **v.** | ) | **No. 04 CR 72** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Wayne R. Andersen** |
| | ) | **District Judge** |
| **Respondent.** | ) | |

### MEMORANDUM OPINION AND ORDER

This case is before the court on petition of Gregory Jacobs for writ of habeas corpus to correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, we deny the petition.

### BACKGROUND

On January 22, 2004, petitioner Gregory Jacobs ("Jacobs") and seven other defendants were indicted by a federal grand jury on multiple charges of mail and wire fraud as a result of a real estate fraud in which they engaged. Jacobs was named in five of the counts in the indictment. Prior to Jacobs' sentencing, the government offered Jacobs a plea agreement in which it proposed to recommend a sentence of 20 months' imprisonment in exchange for Jacobs' cooperation with the government's cases against Jacobs' co-defendants. Jacobs refused to sign that plea agreement. Instead, on November 15, 2005, Jacobs pled "blind," without the benefit of a plea agreement, to counts one, six, seven, ten, and eleven of the indictment. On June 23, 2006, this court sentenced Jacobs to 30 months' imprisonment. On June 30, 2006, Jacobs filed a notice of appeal. Less than one month later, the appeal was dismissed on Jacobs' motion.

Jacobs filed the instant petition for habeas corpus on June 25, 2007. In his petition,

Jacobs claims that he is entitled to relief due to the alleged ineffectiveness of his counsel during

the sentencing portion of the proceedings. Specifically, Jacobs argues that his attorney (1) failed,

at the sentencing proceeding, to direct Jacobs to reconsider his refusal to sign the plea agreement,

(2) failed to challenge a $44,290 loss amount related to Jacobs' primary residence that Jacobs

claims was improperly included in Jacobs' restitution, and (3) failed to file a report relating to the

sale of property that this court had requested prior to the sentencing proceeding. Based on these

allegations, Jacobs' petition requests that the court reduce Jacobs' sentence by 10 months

because such reduction was originally offered to Jacobs as part of the government's proposed

plea agreement.

## DISCUSSION

*A. Standard of Review Under 28 U.S.C. § 2255*

The federal habeas corpus statute, 28 U.S.C. § 2255, provides that:

A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed in
violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside, or correct the
sentence.

The court should grant a hearing on the issues raised in the petition unless the respondent

demonstrates conclusively that the petitioner is not entitled to any form of relief. 28 U.S.C. §

2255. The court must grant a hearing if the habeas petition "alleges facts that, if proven, would

entitle" the petitioner to relief. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994) (citing

*Pittman v. Warden, Pontiac Correctional Ctr.*, 960 F.2d 688, 691 (7th Cir. 1992)). The

2

petitioner must make specific, detailed allegations in order to qualify for a hearing; conclusory

statements are insufficient. *See Daniels v. United States*, 54 F.3d 290, 293-94 (7th Cir. 1995).

Petitions filed by *pro se* petitioners will be held to a more liberal standard than those filed by

attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this more liberal

standard, however, no hearing is required if the record conclusively demonstrates that the

petitioner is not entitled to any form of relief. *Daniels*, 54 F.3d at 293.

*B. Petitioner's Claims of Ineffectiveness of Counsel*

Jacobs claims that he is entitled to relief due to the alleged ineffectiveness of his counsel

during the sentencing portion of the proceedings. Ineffective assistance of counsel claims are

examined under the two-pronged test established by the Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). This general test focuses on "the legal profession's

maintenance of standards" rather than a critique of counsel's performance. *Id.* at 688. The

petitioner must meet both prongs of the *Strickland* test or the claim fails. *Id.* at 687.

The first prong, the performance prong, examines whether counsel's defense meets the

standard of "reasonably effective assistance." *Id.* To satisfy this prong, the petitioner must

affirmatively demonstrate that "counsel's representation fell below an objective standard of

reasonableness." *Id.* at 688. In making this determination, the court is to give a high level of

deference to counsel because it is all too easy, in hindsight after the petitioner has lost his case, to

find that counsel's lack of success fell below the level of representation required by counsel to

provide. *Id.* at 689. The petitioner must provide clear evidence, in the form of specific acts or

omissions, to overcome this presumption. *Id.* at 689-90. The court must view the facts that the

petitioner presents from the perspective of counsel at the time of the conduct alleged to be

inadequate.  *Id.* at 689.

The second prong, the prejudice prong, examines whether counsel's act or omission had an adverse effect on the defense.  *Id.* at 692.  This prong protects against the situation where counsel may have acted unreasonably but the unreasonable act or omission did not prejudice the petitioner's defense.  *Id.* at 691-92.  To satisfy this prong, the petitioner must affirmatively demonstrate the prejudice that resulted, and must further demonstrate that there is a "reasonable probability" that his attorney's acts or omissions affected the outcome.  *Id.* at 693-94.  The court should make this determination in light of the totality of the evidence.  *Id.* at 695.

1.      Failure to direct Jacobs to reconsider his refusal to sign the plea agreement

Jacobs' first ineffective assistance of counsel claim is that his attorney failed, at the sentencing proceeding, to direct Jacobs to reconsider his earlier refusal to sign the government's proposed plea agreement, which included the 10-month reduction in sentence now requested by Jacobs.  This claim is without merit.  Nowhere in his petition does Jacobs explain why his counsel should have directed Jacobs to reconsider signing the plea agreement.  To the contrary, the petition makes clear that Jacobs decided to not sign the plea agreement because he feared that it would validate his wife's culpability in his crimes.  Thus, because Jacobs never signed the plea agreement, there was no agreement between the parties to seek the reduction in sentence now requested by Jacobs.  As the government correctly points out in its response, Jacobs made that choice and he must now live with it.  Therefore, Jacobs has failed to present clear evidence that his counsel's alleged failure to direct Jacobs to reconsider signing the plea agreement fell below an objective standard of reasonableness.  Accordingly, because Jacobs has failed to satisfy the performance prong of *Strickland*, this argument fails.

2.	Failure to challenge the $44,290 loss amount in restitution

Jacobs' second ineffective assistance of counsel claim is that his attorney failed to

challenge a $44,290 loss amount that was included as part of Jacobs' restitution.  Jacobs claims

that when he questioned his counsel as to why this loss amount was included in Jacobs'

restitution, Jacobs' counsel responded "leave it alone, this is not worth fighting . . . they [the

government] can do whatever they want."  However, the inclusion of the $44,290 loss amount in

restitution had no bearing on the length of the sentence that Jacobs received.  Thus, Jacobs has

failed to demonstrate that his counsel's failure to challenge the loss amount caused an increase in

his sentence that he otherwise might not have received.  Accordingly, regardless of whether

Jacobs' counsel's failure to challenge this loss amount was unreasonable, Jacobs has failed to

satisfy the prejudice prong of the *Strickland* test and this argument therefore fails.

3.	Failure to file a report that this court had requested regarding the sale of property

Jacobs' third ineffective assistance of counsel claim is that his attorney failed to file a

report relating to the alleged sale of a property that this court had requested prior to the

sentencing proceeding.  At his initial sentencing hearing, Jacobs asserted that information

relating to an alleged sale of a property involved in another case could have a bearing on his

sentence.  This court postponed the sentencing proceeding and granted the parties leave to submit

memoranda regarding the property, if they so chose.  Neither Jacobs nor the government

submitted memoranda regarding the property.  Jacobs claims that his counsel's failure to submit

any memoranda regarding the property renders his counsel's assistance ineffective.  We disagree.

Again, regardless of whether Jacobs' attorney's failure to file any reports or memoranda

was unreasonable, Jacobs has failed to demonstrate that this omission would have changed the

sentence imposed by this court. Jacobs has not submitted any reports or memoranda regarding

the property and has not provided any details as to why his counsel's submission of such

materials would have changed his sentence. Thus, Jacobs has failed to affirmatively demonstrate

that his counsel's failure to file the report prejudiced Jacobs at the sentencing proceeding.

Accordingly, Jacobs has failed to satisfy the prejudice prong of the *Strickland* test and this

argument therefore fails.

## CONCLUSION

For the foregoing reasons, petitioner Gregory Jacobs' petition to correct his sentence

pursuant to 28 U.S.C. § 2255 [1] is denied, terminating this case. This is a final and appealable

order.


It is so ordered.

_____
　　　　　Wayne R. Andersen
　　　　United States District Judge


Dated:　November 28, 2007